Kevin May (SBN CA 324836)
GREENBERG TRAURIG, LLP
12760 High Bluff Drive, Suite 240
San Diego, California 92130
Telephone: 619.848.2500
Facsimile: 949.732.6501
Kevin.May@gtlaw.com

Attorneys for Defendants
The Elevance Health Companies, Inc. and Elevance Health, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARREOLA GONZALEZ, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC., an Indiana Corporation; ELEVANCE HEALTH, INC., an Indiana Corporation and DOES 1-50, inclusive,<br><br>       Defendants. | CASE NO. **'24CV0085 LL    SBC**<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**<br><br>State Action Filed: Nov. 3, 2023 |

**TO THE CLERK OF THE UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

1.  **PLEASE TAKE NOTICE** that Defendants The Elevance Health Companies, Inc. and Elevance Health, Inc. (collectively, "Elevance"), hereby remove the state court action described below to this United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. Elevance provides the following "short and plain statement of the grounds for removal," pursuant to 28 U.S.C. § 1446(a). *Accord Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547, 554 (2014).

## THE STATE COURT ACTION

2.  On November 3, 2023, Plaintiff Luis Gonzalez filed an action captioned *Gonzalez v. The Elevance Health Companies, Inc. and Elevance Health, Inc.*, No. ECU003206 in the Superior Court for the State of California, County of Imperial. A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice. The allegations of the Complaint are incorporated herein by reference without admitting the truth of any of them.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

3.  On December 12, 2023, Mr. Gonzalez purportedly served Elevance with a copy of the Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers served on Elevance are attached as **Exhibit B**.

4.  Removal is timely. Elevance filed this Notice of Removal within 30 days of receipt, through service, of a copy of the initial pleading setting forth the claims for relief upon which Mr. Gonzalez's action is based. *See* 28 U.S.C. 1446(b)(1).

5.  Mr. Gonzalez filed the state court action in the Superior Court of the State of California, County of Imperial. Thus, pursuant to 28 U.S.C. §§ 84(d) and 1441(a), venue properly lies in the United States District Court for the Southern District of California, the district embracing Imperial County, California.

6.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court

of the State of California, County of Imperial.

## THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1367

7.  Mr. Gonzalez alleges Elevance violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A), by failing to provide him with proper disclosures and failing to obtain written consent before obtaining a background check report about him. Exhibit A, Compl., Eleventh and Twelfth Causes of Action. He claims Elevance "improperly conducted background checks, conducted background checks without proper authorization and proper disclosures, and obtained background checks and consumer reports on [him and others] when they applied for employment." *Id.* at ¶ 4.

8.  Mr. Gonzalez also alleges a host of state law claims arising out of his application for employment and employment with Elevance. He alleges Elevance violated various sections of the California Labor Code, by using a consumer credit report about him for employment purposes (Ninth Cause of Action) and failing to pay him wages (First Cause of Action), provide him with proper meal and rest periods (Second and Third Causes of Action), timely pay him all wages due (Fourth and Fifth Causes of Action), provide him with accurate wage statements (Sixth Cause of Action), indemnify necessary business expenses (Seventh Cause of Action), and pay him for COVID-19 sick leave (Eighth Cause of Action). Exhibit A, Compl. He further claims Elevance violated: the California Business & Professions Code (Tenth Cause of Action); the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786 et seq., by failing to make the disclosures it requires before obtaining an investigative consumer report about him (Thirteenth Cause of Action); and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1786 et seq., by failing to make the disclosures it requires before obtaining a consumer credit report about him (Fourteenth Cause of Action). *Id.*

9.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States: specifically, the FCRA, 15 U.S.C. § 1681b(b)(2)(A). Exhibit A, Compl., ¶¶ 158-78.

10. This Court has supplemental jurisdiction over Mr. Gonzalez's state law claims because they are so related to his FCRA claims that they form a part of the same case or controversy. *See* 28 U.S.C. § 1367.

## THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

11. This Court also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because Mr. Gonzalez is a citizen of a state different from Elevance, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. The Parties Are Diverse

12. Diversity between Mr. Gonzalez and the properly named and joined defendants existed at the time the Complaint was filed and continues to exist as of this removal.

13. Mr. Gonzalez alleges he is a resident of California. Based on this information, Elevance believes Mr. Gonzalez was at the time he filed the Complaint and remains now a citizen of California.

14. Each defendant in this action is now and was at the time Mr. Gonzalez filed the Complaint a citizen of a state other than California within the meaning of 28 U.S.C. § 1332.

15. The Elevance Health Companies, Inc. is now, and was at the time Mr. Gonzalez filed his Complaint, a corporation organized under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana. Thus, at all times relevant hereto, The Elevance Health Companies, Inc. has been a citizen of Indiana, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

16. Elevance Health, Inc. is now, and was at the time Mr. Gonzalez filed his Complaint, a corporation organized under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana. Thus, at all times relevant hereto, Elevance

Health, Inc. has been a citizen of Indiana, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

17. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-50" named in the Complaint is therefore immaterial with respect to removal.

18. Because Mr. Gonzalez is, and was at the time he filed the Complaint, a citizen of California; because Elevance Health Companies, Inc. is, and was at the time Mr. Gonzalez filed the Complaint, a citizen of Indiana; and because Elevance Health, Inc. is, and was at the time Mr. Gonzalez filed the Complaint, a citizen of Indiana, complete diversity of citizenship exists between the parties and existed at the time the Complaint was filed. *Accord* 28 U.S.C. § 1332(d)(2)(A).

**B.    The Amount of Controversy Exceeds $75,000**

19. Without making any admission as to liability or damages with respect to any aspect of this case or to the proper legal test(s) applicable to Mr. Gonzalez's allegations, the amount in controversy in Gonzalez's claim exceeds the $75,000 jurisdictional minimum of this Court, pursuant to 28 U.S.C. § 1332(a).

20. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Mr. Gonzalez's Complaint, not what Elevance will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

21. Mr. Gonzalez seeks actual damages and/or statutory damages of up to $1,000, punitive damages, and attorneys' fees and costs for his FCRA claim; actual damages, punitive damages, and attorneys' fees and costs for his ICRAA claim; and statutory and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs for his CCRAA claim. Compl. ¶¶ 169-171, 176-178, 193-194, 207-208. In addition, he seeks

compensatory damages, liquidated damages, premium pay, statutory penalties, interest for untimely paid wages, and attorneys' fees and costs for his Labor Code claims. *See* Compl. pp. 38-39 (Prayer for Relief).

22. Taken together, these allegations give rise to an amount in controversy that exceeds $75,000. Indeed, Mr. Gonzalez's meal and rest break claims alone puts more than $12,000 at issue. Failing to provide a compliant meal period requires payment of "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c). Mr. Gonzalez alleges he worked for Elevance from July 5, 2021 through November 18, 2022 and Elevance frequently failed to provide compliant meal and rest periods. Compl. ¶¶ 19, 43, 50. If Mr. Gonzalez earned no more than minimum wage and suffered just one meal period and one rest period violation per day (*i.e.*, 10 violations per week), the amount in controversy as to the meal and rest break claims alone is $12,070 (71 workweeks x 10 hours/workweek x $17.00/hour). This says nothing of his actual rate, his other Labor Code claims, his FCRA, ICRAA, and CCRA claims, or his Unfair Business Practices Act claim.[1] The amount in controversy exceeds the jurisdictional minimum.

23. The removal of this action to the Southern District of California does not waive Elevance's ability to assert any defense in this action. If any question arises regarding the propriety of removal, Elevance requests the opportunity to present a brief and oral argument on this issue.

---

[1] By way of further illustration, Mr. Gonzalez's claim for attorneys' fees places tens of thousands of dollars at issue in and of itself. When a statute provides for the recovery of attorneys' fees, like many of the statutes Mr. Gonzalez invokes here, prospective attorneys' fees must be included in the assessment of the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). As District Courts have opined, "attorney's fees associated with litigating [an employment case] through trial, in addition to those already spent drafting the complaint, would likely be substantial." *Thompson v. Big Lots Stores, Inc.*, 2017 WL 590261, at *5. Estimates for the number of hours expended through trial in employment cases range from 100 to 300 hours. *Id.* (citing *Stainbrook v. Target Corp.*, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 2016). Even considering a fee rate of $300 per hour (conservative for California) and 100 hours of attorney work, the amount in controversy vis-à-vis just attorneys' fees is $30,000.

DATED: January 11, 2024          GREENBERG TRAURIG, LLP


By /s/ *Kevin May*
Kevin May
Attorneys for Defendants
The Elevance Health Companies, Inc. and Elevance Health, Inc.